## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT
### EASTERN DIVISION

| | | |
|---|---|---|
| **GEAR WIZZARD, INC.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| **ALL POWER TRANSMISSION** | ) | FILED: AUGUST 26, 2008 |
| **a/k/a AMERIDRIVES,** | ) | 08CV4880 |
| | ) | JUDGE PALLMEYER |
| and | ) | MAGISTRATE JUDGE KEYS |
| | ) | BR |
| **ALTRA HOLDINGS, INC.,** | ) | |
| **(Successor to All Power Transmission)** | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT
### (BREACH OF CONTRACT & FRAUD)

### THE PARTIES

1.     Plaintiff, Gear Wizzard, Inc. ("GWI"), is a small business concern for United States Government ("Government") contracting purposes and is incorporated in the State of Illinois with its principal and only place of business located at 570 W. Armory Drive, South Holland, Illinois 60473-2824.

2.     GWI manufactures and supplies parts for transportation equipment under contracts with the Government.

3.     Until October, 2007, Defendant, All Power Transmission ("All Power") was a distributor of parts to prime contractors to the Government, doing business at 1680 Cornell Road, Green Bay, WI 54313.

4.     In October, 2007, All Power's assets were acquired by Altra Holdings, Inc.

("Altra"), a Delaware Corporation with its Home Office located at 14 Hayward Street, Quincy, MA 02171, and All Power's name was changed to Ameridrives which continued to do business at 1680 Cornell Road, Green Bay, WI 54313.

5.     Neither All Power, Altra, nor Ameridrives is registered to do business in Illinois or Wisconsin.

## JURISDICTION AND VENUE

6.     Jurisdiction is conferred on the Court by 28 U.S.C. §1332(a)(1) in that this matter is between citizens of different States and the amount in controversy exceeds $75,000.00.

7.     Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(a)(2) because a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated in this judicial district.

## FACTS

8.     8.     All Power represented itself to GWI that it was an authorized distributor for Dana Corporation ("Dana"), whose home office is located in Toledo, OH.

9.     Dana will not sell its parts to GWI other than through distributors authorized by Dana.

10.     Contract No. SPO750-03-M-S098 ("Contract-S098") was awarded by the Government to GWI, through the Defense Supply Center Columbus ("DSCC"), for the supply of Dana Part Number ("P/N") 5-450X, Spider, U-Joint.

11.     On August 13, 2003, GWI issued Purchase Order ("P.O.") W1*2769 to All Power for a quantity of 500 each, Dana P/N 5-450X Spider, U-Joint, pursuant to Government Contract-S098.

12.     GWI's P.O. W1*2769 required All Power to supply a Certificate of Compliance ("COC") for the specified Dana P/N 5-450X.

13.     All Power accepted GWI's P.O. W1*1269 and supplied parts to GWI.

14.     On January 28, 2004, All Power executed the COC to GWI that all items of Part #5-450X were inspected and were in compliance with Dana drawings and standards.

15.     In February, 2004, GWI shipped 494 units to the Government on Contract-S098, consisting of the All Power supplied parts, for which the Government paid GWI $61,132.50.

16.     Contract No. SPO750-03-D-6B46, Order No. 0001 ("Contract-6B46/0001"), was awarded by DSCC to GWI for the supply of Dana P/N 912252-4319 Universal Joint Propeller Shaft, there were no Government drawings for the item.

17.     On October 16, 2003, GWI issued P.O. W1*2910 to All Power for a quantity of 17 each, Propeller Shaft, Dana P/N 912252-4319 pursuant to Government Contract-6B46/001.

18.     GWI's P.O.  W1*2910 required All Power to supply a COC for the specified Dana P/N.

19.     All Power accepted GWI's P.O. W1*2910 and supplied parts to GWI.

20.     On January 5, 2004, All Power executed the COC to GWI that all items of P/N 912252-4319 were inspected and were in compliance with Dana drawings and standards.

21.     On January 13, 2004, GWI shipped 17 units to the Government on Contract-6B46/0001, consisting of the All Power supplied parts, for which the Government paid $7,145.27.

22.     Contract-6B46, Order No. 0002 ("Contract-6B46/0002"), was awarded by DSCC to GWI for the supply of Dana P/N 912252-4319 Universal Joint Propeller Shaft.

23.     On December 3, 2003, GWI issued P.O. W1*3012 to All Power for a quantity of 23 each, Propeller Shaft, Dana P/N 912252-4319 pursuant to Government Contract-6B46/0002.

24.     GWI's P.O.  W1*3012 required All Power to supply a COC for the specified

Dana P/N.

25.    All Power accepted GWI's P.O. W1*3012 and supplied parts to GWI.

26.    On February 6, 2004, All Power executed the COC to GWI that all items of P/N 912252-4319 were inspected and were in compliance with Dana drawings and standards.

27.    On February 10, 2004, GWI shipped 23 units to the Government on Contract-6B46/0002, consisting of the All Power supplied parts,  for which the Government paid $9,667.13.

28.    Contract-6B46, Order No. 0003 ("Contract-6B46/0003"), was awarded by DSCC to GWI for the supply of Dana P/N 912252-4319 Universal Joint Propeller Shaft.

29.    On February, 2, 2004, GWI issued P.O. W1*3120 to All Power for a quantity of 49 each, Propeller Shaft, Dana P/N 912252-4319 pursuant to Government Contract-6B46/0003.

30.    GWI's P.O.  W1*3120 required All Power to supply a COC for the specified Dana P/N.

31.    All Power accepted GWI's P.O. W1*3120 and supplied parts to GWI.

32.    On April 21, 2004, All Power executed the COC to GWI that all items of P/N 912252-4319 were inspected and were in compliance with Dana drawings and standards.

33.    April 21, 2004, GWI shipped 49 units to the Government on Contract-6B46/0003, consisting of the All Power supplied parts, for which the Government paid $20,107.15.

34.    In November, 2006, the Government, through its Defense Criminal Investigative Service ("DCIS"), first alleged to GWI that one or more components of the All Power supplied parts were not Dana parts, but had actually been manufactured by All Power.

35.    In July, 2007, GWI was contacted by the U.S. Attorney's office for the Southern District of Ohio, alleging that the supply of parts on Government Contracts -S098, -6B46/0001, -

6B46/0002, and -6B46/0003 that were not wholly manufactured by Dana, constituted violations of the Civil False Claims Act, 31 U.S.C. §3729, *et seq.*, with all of the resulting compounded damages and multiple penalties therein. A meeting was arranged.

36. During the meeting between representatives of GWI, the U.S. Attorney, DSCC, and DCIS, the Government provided the results of its investigation and analysis of the parts and information obtained from All Power.

37. On September 13, 2007, GWI notified the then agent for All Power of the Government's allegations regarding the All Power supplied parts, noted the COC's executed by All Power, and sought All Power's participation in resolving the Government allegations. The notice was received by All Power on September 17, 2007.

38. No reply was received from All Power.

39. Through a lengthy period of negotiations, with All Power refusing to participate, GWI and the Government reached a settlement on April 22, 2008, under which GWI refunded to the Government the amount, totaling $94,689.57, paid on Contracts -S098, -6B46/0001, -6B46/0002, and -6B46/0003 for the items, consisting of the All Power supplied parts.

40. On May 21, 2008, GWI notified the Chief Executive Officer of Altra of the settlement with the Government and sought discussions to settle All Power's responsibility. The notice was received by Altra on May 27, 2008.

41. On July 3, 2008, an attorney with a law firm in Milwaukee, WI, rejected any discussions with GWI.

## COUNT I

42. GWI repeats and realleges each and every allegation set forth in paragraphs 1 through 41, above.

43. The Defendant breached and repudiated the Purchase Order Contracts with GWI

by failing to supply the specified Dana P/N's and, instead, supplying parts that were partially or completely manufactured by All Power or others.

44.    The Defendant further breached and repudiated the Purchase Order Contracts by providing false COCs and failing and refusing to participate in a resolution of the Government's resulting allegations when they became known to GWI.

45.    As a result, GWI is entitled to actual damages in the sum of $94,689.57, together with all foreseeable consequential damages, including the fees and costs arising from the Government's investigation due to the All Power breach.

## COUNT II

46.    GWI  repeats and realleges each and every allegation set forth in paragraphs 1 through 45, above.

47.    The Defendant knowingly and willfully executed false and fraudulent COCs when, in fact, Dana P/Ns, were not supplied.

48.    The Defendant further knowingly and willfully concealed the false and fraudulent nature of the COCs by representing to GWI that it was a distributor for Dana and supplied Dana manufactured parts.

49.    It was only through the Government's investigation and presentation of the results that GWI learned of the Defendant's deception and the suffered the resulting injury.

WHEREFORE, for all the foregoing, GWI hereby demands judgment as follows:

A.    Under Count I, the sum of $94,689.57, together with consequential damages of Defendant's breach, including fees and costs expended because of the entirely foreseeable Government investigation and allegations due to All Power's breach.

B.    Under Count II, in the alternative to Count I, the sum of $94,689.57, together with further damages due to the Defendant's fraud and concealment, including fees and costs

expended because of the resulting Government investigation and allegations, as well as punitive

damages in an amount to be fixed by the Court.

      C.      A to all Counts, interest, fees, costs and such other and further relief as the Court

deems just, proper and equitable.

      D.      A jury trial is demanded on all Counts.

Date: August 26, 2008                 GEAR WIZARD INC,


                        /s/ Devlin J. Schoop_____
                        By One of Its Attorneys


                        Devlin Schoop (06243835)
                        Laner, Muchin, Dumbow, Becker,
                         Levin & Tominberg, Ltd.
                        515 North State Street
                        Suite 2800
                        Chicago, IL 60610
                        (312)467-9800
                        FAX: (312)
                        dschoop@lanermuchin.com


                        /s/ Charles E. Raley_____
                        Charles E. Raley
                        Law Office of Charles E. Raley
                        54 Governors Road
                        Hilton Head Island, SC 29928
                        (843)363-6634
                        FAX: (843)363-6635
                        e-mail: craley@islc.net


                        Counsel for Plaintiff,
                        Gear Wizzard, Inc.